UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| United States of America, | )<br>)<br>) |
| v. | ) C.A. No. 20-cr-00106-MSM-LDA |
| Jose Montes,<br>    Defendant. | )<br>)<br>)<br>) |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

I.   INTRODUCTION

Defendant Jose Montes ("Montes"), who is serving a 60-month prison sentence, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), as recently amended by the First Step Act (FSA), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018). (ECF Nos 125 & 145).  18 U.S.C. § 3582(c)(1)(A) permits courts to reduce a term of imprisonment, once administrative remedies are exhausted, if it finds that "extraordinary and compelling reasons warrant such a reduction."  *See* 18 USC § 3582(c)(1)(A).  There is no dispute that Mr. Montes has exhausted his administrative remedies.  The Court must therefore review his motion to determine whether extraordinary and compelling reasons exist to warrant a sentence reduction and, if so, if such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A).  "Put another way, the district court must find that the defendant's situation constitutes the type of 'extreme

hardship' that the compassionate-release statute is designed to ameliorate." *United States v. Saccoccia*, 10 F.4th 1, 4 (1st Cir. 2021) (quoting *United States v. Havener*, 905 F.2d 3, 6 (1st Cir. 1990)). Finally, "the district court must consider any applicable section 3553(a) factors and 'determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *United States v. Texeira-Nieves*, 23 F.4th 48, 52 (1st Cir. 2022) (quoting *Saccoccia*, 10 F.4th at 4 (alteration in original).

For the reasons state below, the Defendant's motion is DENIED.

## II.   BACKGROUND

On November 20, 2020, a federal grand jury returned a thirteen-count indictment charging Mr. Montes with eleven federal felonies, three-counts of conspiracy to engage in the interstate transportation of stolen property in violation of 18 U.S.C. § 371 and eight counts of interstate transportation of stolen property in violation of 18 U.S.C. § 2314.

On May 12, 2021, Mr. Montes entered guilty pleas to all counts pursuant to a binding plea agreement in which the parties agreed that a sentence of 60 months was appropriate. Fed. R. Crim. P. 11(c)(1)(C). The agreed upon sentence was below the advisory guideline sentencing range of 70 to 87 months that was established by the Court at sentencing. On August 3, 2021, Mr. Montes was sentenced consistent with the binding plea agreement. He filed the within motion on November 10, 2021. The Court subsequently appointed counsel who then filed a supplemental memorandum in support of Mr. Montes' motion. (ECF No. 145.) The Government objects. (ECF

No. 147.)

## III. DISCUSSION

18 U.S.C. § 3582(c)(1)(A)(i), vests this Court with the authority to modify a sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." "[O]nce a defendant shows that he has exhausted the Bureau of Prisons' administrative process for compassionate release, or thirty days have lapsed without a decision, whichever occurs first, a district court may reduce a defendant's term of imprisonment provided the court determines: (1) extraordinary and compelling reason warrant the reduction; (2) the defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) favor release." *United States v. Saad*, 2022 WL 35806, *1 (D.R.I. Jan. 4, 2022) (internal citations omitted).

The statute itself does not define "extraordinary and compelling reasons" that justify a sentence reduction or modification, but the United States Sentencing Commission has provided some guidance in its commentary. In relevant part, the Commission notes that extraordinary and compelling reasons exist where:

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner

3

> (D) As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

18 U.S.C.S. Appx § 1B1.13.

In this case Mr. Montes relies primarily on the "family circumstances" factor. Namely he argues that his mother and fiancé both suffer from significant health problems that require his assistance: both physical and financial. To determine if the circumstances in any given case are extraordinary and compelling, the Court relies on the plain meaning of the words. *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st. Cir. 2021).

> The plain meaning of "extraordinary" suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree. *See Webster's Third New International Dictionary of the English Language Unabridged 807* (1981) (defining "extraordinary" as "going beyond what is usual, regular, common, or customary"); *see also United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021) (suggesting that such reason must be "most unusual," "far from common," or "hav[e] little or no precedent"). By the same token, the plain meaning of "compelling" suggests that a qualifying reason must be a reason that is both powerful and convincing. *See Webster's Third*, supra at 462 (defining "compelling" as "forcing, impelling, [or] driving [circumstance]" and as "tending to convince or convert by or as if by forcefulness of evidence"); *see also Hunter*, 12 F.4th at 562.

*Canales-Ramos*, 19 F.4th at 566-67.

In describing his family circumstances Mr. Montes argues that, given their health conditions and the ongoing pandemic, both his mother and fiancé are unable

4

to work to support themselves. However, both women receive social security benefits and have others who can help with their support: adult children and a husband in the case of his mother and supportive family in the case of his fiancé. Neither one is dependent on Mr. Montes for their financial support. Further, the conditions that Mr. Montes cites were all present at the time that he entered into a binding plea agreement with the Government. It is true that Mr. Montes' absence during his incarceration will make things more difficult for both women, but that fact is true for every family in which a member is sentenced to incarceration. That type of difficulty does not present the type of extraordinary and compelling circumstances contemplated by Congress and the United States Sentencing Commission. Without extraordinary and compelling circumstances, a reduction would be inconsistent with the applicable policy statements of the Sentencing Commission.

While the Court has found that compelling and extraordinary circumstances do not exist and, as a result, it is not required to go further in its analysis, the Court is mindful of the First Circuit's admonition that its job is made easier when "the district court takes the additional step of making a section 3553(a) determination." *United States v. Texeira-Nieves*, 23 F.4th 48, 52 (1st Cir. 2022). When the Court sentenced Mr. Montes just nine months ago it weighed all the sentencing factors to determine if it agreed with the recommendation of the binding plea agreement he had entered into with the Government. 18 U.S.C. § 3553(a) sets forth the factors that the Court must consider to arrive at a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." The Court is not

relieved of that responsibility by the agreement of the parties to a binding plea agreement. In this case the Court considered, in accordance with § 3553(a)(2), the nature of the offense and the defendant's history and characteristics and sought to impose a sentence:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

The facts underlying Mr. Montes' conviction demonstrate that he was the leader and organizer of a conspiracy to steal personal watercraft and other vehicles from various local business in Rhode Island, Massachusetts, New Hampshire, and Connecticut. Beginning in October 2019 and continuing until July 2021, Mr. Montes, with his co-conspirators, broke into, stole, and sold various vehicles from businesses and marinas. This conspiracy had twenty-two individual victims and an intended loss of $687,511. When he appeared before this Court, at the age of 38, he had earned a criminal history category of IV. His convictions included fraud, robbery, possession of stolen motor vehicle parts and an assortment of other minor criminal convictions. Previous shorter terms of imprisonment and periods of probation have not deterred Mr. Montes' criminal conduct. In fact, he was on probation when he committed the offenses in this case.

A sentence of 60 months, below the advisory guidelines and as the product of an agreement between the Government and the defendant, was an appropriate sentence that was sufficient but not greater than necessary in August of 2021 when the Court sentenced Mr. Montes. He has shown no extraordinary and compelling circumstances to support compassionate release. His Motion (ECF No. 125) therefore is DENIED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
May 16, 2022