UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |  |
| v. | ) ) ) | C.R. No. 1:20-cr-00106-MSM-LDA |
| JOSE MONTES, | ) ) |  |
| Defendant. | ) ) |  |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

### I.   BACKGROUND

On May 12, 2021, defendant Jose Montes ("Montes") entered guilty pleas to eleven federal felonies, three counts of conspiracy to engage in the interstate transportation of stolen property in violation of 18 U.S.C. § 371 and eight counts of interstate transportation of stolen property in violation of 18 U.S.C. § 2314. Pursuant to a binding plea agreement, the parties agreed that a sentence of 60 months was appropriate and left open the appropriate period of supervised release. Fed. R. Crim. P. 11(c)(1)(C). On August 3, 2021, the Court sentenced Mr. Montes to the agreed upon 60 months of imprisonment, which was below the sentence called for by the guidelines, to be followed by three years of supervised release. (ECF No. 106.) Approximately midway through his term of supervised release, Mr. Montes now files concurrently a motion to appoint counsel and a motion seeking to terminate his

supervised release. (ECF No. 201.) The Government objects to his motion. (ECF No. 202.)

In postconviction proceedings, defendants have no automatic right to counsel. *Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). "The appointment of counsel for postconviction matters instead rests within the discretion of the court." *United States v. Tilley*, No. 1:19-CR-00086-LEW, 2023 WL 183867, at *1 (D. Me. Jan. 13, 2023) (citing *Dirring v. United States*, 353 F.2d 519, 520 (1st Cir. 1965)). To determine whether appointment of counsel is appropriate, courts often look to whether the defendant has "a fair likelihood of success" on his claim. *See United States v. Mala*, 7 F.3d 1058, 1063–64 (1st Cir. 1993); *see also United States v. Talmer*, No. 2:20-CR-00084-JAW-2, 2025 WL 81390, at *35 (D. Me. Jan. 13, 2025). The Government does not believe appointment of counsel is necessary when Mr. Montes "has already filed the motion for early termination" but "does not oppose appointment of counsel." (ECF No. 202 at 1 n.1.) The motion for early termination of supervision was filed and the arguments in favor of termination are clearly articulated by the defendant. For the reasons discussed below, there are no circumstances that would warrant the appointment of counsel.

## II.    LEGAL STANDARD

After a defendant has served one year of ordered supervised release, a court may terminate the remaining period of supervision and discharge the defendant from supervision if, after examining the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7), "it is satisfied that such action is

warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

### III.    DISCUSSION

In support of this Motion, Mr. Montes cites his compliance with the conditions of probation, such as participating in a mental health program and working, as well as other steps he has taken to improve his life. (ECF No. 201.) The Government responds that Mr. Montes has merely complied with the terms and conditions of supervised release, which is generally not grounds for early termination. *See United States v. Sanchez-Ramos*, No. CR-96-001, 2025 WL 3013133, at *2 (D.P.R. Oct. 28, 2025).

The Court has considered the parties' submissions and the relevant factors set forth in 18 U.S.C. § 3553(a). While the Court commends the defendant for complying with the conditions of his supervision, compliance and being a law-abiding citizen is what is expected of all supervisees. Standing alone, compliance does not warrant early termination. *See United States v. Seger*, 1:98-cr-00065-JAW, 2014 WL 5473020, at *7 (D. Me. Oct. 27, 2014).

The Court is required to consider most of the factors set forth in 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant," the need "to afford adequate deterrence to criminal conduct," and to provide the defendant with "needed vocational training" and "medical care." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B–D). Mr. Montes' criminal history consists of charges of theft and robbery, including arrests during an earlier period of

3

probation.  The government has an interest in protection of the public and the continued deterrence of Mr. Montes from commission of criminal acts.  That public includes many victims adversely impacted by Mr. Montes' conduct in the conspiracy in this case.

Mr. Montes argues that early termination would assist him in continuing to build stability, expand his opportunities within the trucking industry, and support his responsibilities at home.  (ECF No. 201.)  He does not explain why or how termination of supervision would provide these benefits.  *See Sanchez-Ramos*, 2025 WL 3013133, at *5 (denying motion where it was unclear how early termination would enable defendant to achieve stated purpose).  Moreover, Mr. Montes' progress during his period of supervision arguably counsels in favor of continuing supervision to meet its purpose of rehabilitation.  *United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends.")  Clearly supervised release has helped Mr. Montes and will continue to help him with his rehabilitation.  As noted by his attorney at sentencing, Mr. Montes is a talented individual who has an "excellent chance of rehabilitation."  (ECF No. 128 at 26.)  Supervision provides structure that allows those talents to be realized, and rehabilitation completed.

The Court is not convinced that the defendant has shown that a reduction of his term of supervision is warranted and is in the interest of justice.  *See United States v. Woods*, 23-cr-0038-MSM-LDA, 2024 WL 81307, at *1 (D.R.I. Jan. 8, 2024).

For these reasons the defendant's Request for Early Termination of Supervised Release and his Motion to Appoint Counsel (ECF No. 201) are DENIED.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

May 26, 2026

5